**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Jeffrey Tate II,<br><br>   Plaintiff,<br><br>v.<br><br>National Enterprise Systems, Inc., d/b/a NES,<br><br>   Defendant. | COURT FILE NO.:<br><br>**<u>Complaint</u>**<br><br>**<u>Jury Trial Demanded</u>** |

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Jeffrey Tate II ("Tate"), through her attorneys, brings this action to challenge the actions of National Enterprise Systems, Inc., d/b/a NES ("NES" or "Defendant") with regard to attempts by NES to unlawfully and abusively collect a debt allegedly owed by Tate, and this conduct caused Tate damages.

3. Tate makes these allegations on information and belief, with the exception of those allegations that pertain to a Tate, which Tate alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in Minnesota.

6. Any violations by NES was knowing, willful, and intentional, and NES did not maintain procedures reasonably adapted to avoid any such specific violation.

7. Through this complaint, Tate does not allege that any state court judgment was entered against anyone in error, and Tate does not seek to reverse or modify any judgment of any state court.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k).

9. This action arises out of NES's violations of the FDCPA.

10. Because NES does business within the State of Minnesota, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391.

12. At all times relevant, NES conducted business within the State of Minnesota and the violations alleged occurred in the State of Minnesota.

## PARTIES

13. Tate is a natural person who resides in the City of Minneapolis, State of Minnesota.

14. NES is located in the City of Solon, State of Ohio.

15. NES's Registered Agent is Ernest R. Pollak, located at 29125 Solon Road, Solon, OH 44139.

16. Tate is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

17. NES is a person who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

18. Sometime before March 9, 2016, Tate is alleged to have incurred certain financial obligations ("the Debt") related to the purchase of consumer goods for personal use.

19. These financial obligations were primarily for personal, family or household purposes and were therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

20. As of March 9, 2016, the Debt was owned by Navient Solutions, Inc.

21. Sometime before March 9, 2016, Navient assigned or otherwise placed the Debt for collection with NES.

22. Thereafter, but before before March 9, 2016, NES attempted to contact Tate to collect the Debt.

### *Communications with Third Parties*

23. On or about February 29, 2016, NES left a voice message on the answering machine of Mary Tate, Tate's mother, that stated, "we have a message from National Enterprise Systems. This call is from a debt collector. Please call 800-507-84-01, extension 1537"

24. Except as provided in 15 U.S.C. § 1692b, and without the prior consent of the consumer given directly to the Defendant, and without the express permission of a court of competent jurisdiction, and for a purpose not reasonably necessary to effectuate a postjudgment judicial remedy, Defendant communicated, in connection with the collection of a debt, with a person other than the consumer, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of Defendant. Consequently, Defendant violated 15 U.S.C. § 1692c(b).

25. On or about March 1, 2016, NES left a voice message on the answering machine of Jeffrey Tate Senior, Tate's father, that stated, "we have a message from National Enterprise Systems. This call is from a debt collector. Please call 800-507-84-01, extension 1537"

26. Except as provided in 15 U.S.C. § 1692b, and without the prior consent of the consumer given directly to the Defendant, and without the express permission of a court of competent jurisdiction, and for a purpose not reasonably necessary to effectuate a postjudgment judicial remedy, Defendant communicated, in connection with the collection of a debt, with a person other than the consumer, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of Defendant. Consequently, Defendant violated 15 U.S.C. § 1692c(b).

27. On or about March 2, 2016, NES left a voice message on the answering machine of Mary Tate, Tate's mother, that stated, "we have a message from National Enterprise Systems. This call is from a debt collector. Please call 800-507-84-01, extension 1537"

28. Except as provided in 15 U.S.C. § 1692b, and without the prior consent of the consumer given directly to the Defendant, and without the express permission of a court of competent jurisdiction, and for a purpose not

reasonably necessary to effectuate a postjudgment judicial remedy, Defendant communicated, in connection with the collection of a debt, with a person other than the consumer, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of Defendant. Consequently, Defendant violated 15 U.S.C. § 1692c(b).

29. On or about March 3, 2016, NES left a voice message on the answering machine of Mary Tate, Tate's mother, that stated, "we have a message from National Enterprise Systems. This call is from a debt collector. Please call 800-507-84-01, extension 1537"

30. Except as provided in 15 U.S.C. § 1692b, and without the prior consent of the consumer given directly to the Defendant, and without the express permission of a court of competent jurisdiction, and for a purpose not reasonably necessary to effectuate a postjudgment judicial remedy, Defendant communicated, in connection with the collection of a debt, with a person other than the consumer, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of Defendant. Consequently, Defendant violated 15 U.S.C. § 1692c(b).

31. On or about March 7, 2016, NES left a voice message on the answering machine of Mary Tate, Tate's mother, that stated, "we have a message from National Enterprise Systems. This call is from a debt collector. Please call 800-507-84-01, extension 1537"

32. Except as provided in 15 U.S.C. § 1692b, and without the prior consent of the consumer given directly to the Defendant, and without the express permission of a court of competent jurisdiction, and for a purpose not reasonably necessary to effectuate a postjudgment judicial remedy, Defendant communicated, in connection with the collection of a debt, with a person other than the consumer, his attorney, a consumer reporting agency,

the creditor, the attorney of the creditor, or the attorney of Defendant. Consequently, Defendant violated 15 U.S.C. § 1692c(b).

### *The Telephone Call Noticing Representation*

33. On or about March 9, 2016, the undersigned contacted NES by telephone (the "Representation Call") to inform NES that the undersigned now represented Tate.

34. On the Representation Call, the undersigned spoke to a Mr. Rizzo and requested that NES direct all future correspondence related to the Debt to the undersigned.

35. On the Representation Call, the undersigned spoke to a Mr. Rizzo and requested that NES send verification of the debt to the undersigned at his office.

36. On the Representation Call, Mr. Rizzo requested that the undersigned send a notice of representation to NES via Mr. Rizzo's email address, rrizzo@nes1.com.

37. On or about March 9, 2016, the undersigned sent an email to Mr. Rizzo at rrizzo@nes1.com that contained a letter notifying NES of the undersigned's representation of Tate and requesting verification of the debt be sent directly to the undersigned at the undersigned's office.

38. The email sent on or about March 9, 2016 by the undersigned to Mr. Rizzo contained the undersigned's address, phone number, and email address.

### *Communication with a Represented Party*

39. Though requested both orally and in writing by the undersigned, rather than send the requested verification of the debt to the undersigned, on or about March 11, 2016, NES sent verification information of the debt directly to Tate by mail.

40. Through this conduct, Defendant communicated with a person other than the consumer for the purported purpose of acquiring location information after the Defendant knew the consumer was represented by an attorney with regard to the subject debt and had knowledge of, or could have readily ascertain, said attorney's name and address. Consequently, Defendant violated 15 U.S.C. § 1692b(6).

## *Damages*

41. NES infringed upon Tate's right to not be subject to abusive, illegal and unfair debt collection practices.

42. NES caused an invasion of Tate's privacy by communicating with third parties about the attempted collection of a debt allegedly owed by Tate.

43. NES caused an invasion of Tate's privacy by communicating with Tate after Tate's counsel had informed NES that the undersigned represented Tate.

44. NES caused Tate emotional distress and embarrassment by communicating with third parties and communicating with Tate after Tate had hired an attorney and notified NES of Tate's representation.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 ET SEQ.

45. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

46. As a result of each and every violation of the FDCPA, Tate is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants, jointly and severally.

**PRAYER FOR RELIEF**

WHEREFORE, Tate prays that judgment be entered against Defendants, and Tate be awarded damages from Defendants, as follows, jointly and severally:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

**JURY DEMAND**

47.  Pursuant to the seventh amendment to the Constitution of the United States of America, Tate is entitled to, and demands, a trial by jury.

**HYDE & SWIGART**

Date: September 21, 2016          By: /s/ Anthony Chester
                                  Anthony P. Chester
                                  Attorney Number: 0396929
                                  Robert L. Hyde
                                  Attorney Number: 035109X
                                  **HYDE & SWIGART**
                                  120 South 6th Street, Suite 2050
                                  Minneapolis, MN 55402
                                  Telephone:  (952) 225-5333
                                  Facsimile:  (800) 635-6425
                                  Email: tony@westcoastlitigation.com

                                  Attorneys for Plaintiff Jeffrey Tate II